UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE TAYLOR, III, | No.  2:25-cv-0398 TLN AC P |
| Petitioner, | |
| v. | ORDER |
| WARDEN, et al., | |
| Respondents. | |

Petitioner has filed a motion for emergency injunctive relief and a motion for appointment of counsel.  ECF No. 19.  As regards emergency injunctive relief, petitioner seeks a court order requiring (1) the Secretary of the California Department of Corrections and Rehabilitation ("CDCR") to locate and deliver all of petitioner's legal property to petitioner; (2) the warden of the California Health Care Facility ("CHCF") to immediately replace his defective state-issued tablet so that he can access law library resources on the tablet, just like other inmates; and (3) the federal receiver of the California Correctional Health Care Services ("CCHCS") to issue petitioner a proper model wheelchair so that petitioner can physically access the law library.  Id. at 2.  With respect to his motion for appointment of counsel, petitioner seeks appointment based on the issues he has described with accessing his legal property and law library resources, and due to his medical incapacity.  Id. at 5.

There currently exists no absolute right to appointment of counsel in habeas proceedings.

1

See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. In the present case, the court does not find that the interests of justice would be served by appointment of counsel at this time and will therefore deny such request.

The court construes petitioner's motion for emergency injunctive relief as a request for access to his legal property and CHCF's law library resources, and a motion for an extension of time to file an opposition to respondent's motion to dismiss. The court will grant the motion for extension of time. Petitioner will have until August 1, 2025, to file a response to respondent's motion to dismiss. The court will also require respondent's counsel to respond to petitioner's allegations that his legal property from before his transfer on March 27, 2025, is being withheld; his state-issued tablet is not working and preventing him from accessing law library resources; and he is being denied physical access to the law library.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion for appointment of counsel (ECF No. 19) is DENIED.

2. Petitioner's motion for emergency injunctive relief (ECF No. 19) is construed as a request for access to his legal property and CHCF's law library resources and a motion for an extension of time to file an opposition to respondent's motion to dismiss.

3. The motion for an extension of time (ECF No. 19) is granted. Petitioner has until August 1, 2025, to file a response to respondent's motion to dismiss.

4. Within fourteen days from the date of this order, respondents' counsel will be required to respond to petitioner's allegations that his legal property from before his transfer on March 27, 2025, is being withheld; his state-issued tablet is not working and preventing him from accessing law library resources; and he is being denied physical access to the law library.

DATED: May 27, 2025

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

2