UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE TAYLOR III, | No. 2:25-cv-0398 TLN AC P |
| Petitioner, | |
| v. | ORDER |
| WARDEN, | |
| Respondent. | |

On January 29, 2025, petitioner filed a pro se petition for writ of habeas. ECF No. 1.  On April 7, 2025, the court ordered respondent to file a response to the petition. ECF No. 8.  On April 28, 2025, respondent moved to dismiss. ECF No. 13.  Petitioner was granted until July 2, 2025, to file an opposition to that motion. ECF No. 16.  He then filed a request for emergency relief and appointment of counsel, ECF No. 19, which was denied in part, ECF No. 20.  Petitioner has now filed a motion to disqualify the magistrate judge, ECF No. 28.  Before addressing that motion, the court revisits petitioner's earlier motion as it related to legal access.

I.      Motion for Access to Legal Property and CHCF's Law Library Resources

Petitioner's previous motion, ECF No. 19, was denied insofar as it sought appointment of counsel. ECF No. 20 at 2.  Petitioner also sought emergency injunctive relief in the form of a court order requiring (1) the Secretary of the California Department of Corrections and Rehabilitation ("CDCR") to locate and deliver all of petitioner's legal property to him; (2) the

1

warden of the California Health Care Facility ("CHCF") to immediately replace his defective state-issue tablet so that he can access law library resources on the tablet; and (3) the federal receiver of the California Correctional Health Care Services ("CCHCS") to issue petitioner a proper model wheelchair so that petitioner can physically access the law library. ECF No. 19.

The motion for emergency injunctive relief did not comply with the procedural requirements of Local Rule 231, did not proffer facts that would establish the likelihood of irreparable harm in the absence of injunctive relief, and sought a court order directed to officials (the Secretary of CDCR and the Receiver) who are not properly parties to this action.[1]  Any of these defects would have supported a recommendation that the motion be denied outright. However, because it appeared that petitioner was seeking the court's assistance in assuring his access to resources needed to oppose the motion to dismiss, the undersigned instead construed his motion as a request for access to petitioner's legal property and CHCF's law library resources and for an extension of time to file an opposition to respondent's motion. ECF No. 20 at 2. That extension of time was granted, and respondent was directed to respond to plaintiff's allegations related to legal property and access to legal resources. Id.

Respondent has now filed a response. ECF No. 26. He explains that because petitioner is temporarily housed at CHCF for medical treatment, but remains assigned to SATF, his property was not automatically transferred with him. Id. at 2. If petitioner wants his legal property from SATF, he needs to submit a written request to the Receiving and Release department at SATF. Id. No such request has been submitted, so his legal property remains at SATF awaiting petitioner's return. Id. Respondent also represents that petitioner confirmed his tablet was working properly on May 22, 2025. Id. at 3. Lastly, respondent argues that petitioner's request for physical access to the law library should be denied because (1) petitioner has no right to physically access the law library, he only has a right to access to courts; (2) petitioner is receiving

---

[1] Petitioner named these additional officials as respondents, ECF No. 1 at 1, but this has no legal effect. In a petition for writ of habeas corpus under 28 U.S.C. § 2254, the only proper respondent is the state official who has custody of the petitioner. See 28 U.S.C. § 2242; Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts. That is the warden of the facility where petitioner is housed. Smith v. Idaho, 392 F.3d 350, 354-355 (9th Cir. 2004).

access to the law library resources through a paging service due to his medical condition, which petitioner has acknowledged prevents him from leaving the housing unit; and (3) petitioner has been able to continue to litigate with these accommodations as evidenced by the dockets in this case, Case No. 2:25-cv-0307 TLN AC (E.D. Cal.), and Case No. 25-3834 (9th Cir.). Id. at 2-3.

Prisoners have a constitutional right of access to the courts, Lewis v. Casey, 518 U.S. 343, 346 (1996), which requires prison authorities to provide them with adequate law libraries or other resources. Bounds v. Smith, 430 U.S. 817, 828 (1977). No particular methodology is required, however; what matters is the ability to challenge one's sentence or conditions of confinement, not "the capability of turning pages in a law library[.]" Lewis, 518 U.S. at 356-357. The undersigned is satisfied that petitioner has a mechanism for obtaining his legal property and has access via CHCF's paging service to the legal resources necessary to pursue relief. He has not demonstrated any imminent threat to his right of access to the courts. See Lewis, 518 U.S. at 349 (right of access to courts is only violated when inmate is prejudiced with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or present a non-frivolous claim). Because the court has granted petitioner an extension of time to oppose the pending motion to dismiss, he is not prejudiced in his ability to pursue habeas relief.

For all these reasons, any outstanding requests contained in petitioner's motion at ECF No. 19 are denied.

II.   Motion to Disqualify the Magistrate Judge

Although petitioner has addressed his motion to disqualify the magistrate judge to U.S. District Judge Nunley, ECF No. 28 at 1, the Ninth Circuit has "held repeatedly that the challenged judge h[er]self should rule on the legal sufficiency of a recusal motion in the first instance." United States v. Studley, 783 F.2d 934, 940 (9th Cir. 1986) (citing United States v. Azhocar, 581 F.2d 735, 738 (9th Cir. 1978) (collecting cases)). Recusal is governed by 28 U.S.C. §§ 144 and 455. Under both recusal statutes, the substantive standard is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." Studley, 783 F.2d at 939 (quoting Mayes v. Leipziger, 729 F.2d 605, 607 (9th Cir. 1984) (internal quotations omitted)). "[J]udicial rulings alone almost never constitute a valid

basis for a bias or partiality motion." Liteky v. United States, 510 U.S. 540, 555 (1994). Moreover, "[t]he alleged bias and prejudice to be disqualifying must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from [her] participation in the case." United States v. Grinnell Corp., 384 U.S. 563, 583 (1966) (citation omitted).

Petitioner seeks disqualification of the undersigned due to unfavorable decisions in this case and another brought by petitioner, Case No. 2:25-cv-0307 TLN AC, [2] which petitioner believes reflect a pattern of bias and prejudice against him. ECF No. 28. Petitioner argues more specifically that the magistrate judge should be disqualified because she has (1) "unethically ignored [his] express motion for the court to issue a Temporary Restraining Order" by construing his emergency motion as a request for access; (2) perpetrated irreparable harm by not expediting his habeas petition and construing the motion for emergency relief as a motion for an extension of time; (3) manufactured the opportunity for the respondents to present the illusion of good cause for an extension of time to file a response to the court's order, which has caused further delay. Id. at 4-5.

Petitioner's motion is based entirely on his dissatisfaction with prior adverse rulings, which are a legally insufficient basis for recusal or disqualification. Moreover, as noted above, the undersigned construed petitioner's motion for emergency relief as a request for extension of time in order to ensure that he would have a fair opportunity to respond to the motion to dismiss. The court's handling of ECF No. 19 also permitted immediate inquiry into his access to legal resources and the status of his property. Accordingly, the undersigned declines to disqualify or recuse herself.

////

////

////

---

[2] The court takes judicial notice of case no. 2:25-cv-0307 TLN AC (E.D. Cal). See Fed. R. Evid. 201(b)(2); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980) ("[A] court may take judicial notice of its own records in other cases, as well as the records of an inferior court in other cases.") (citations omitted).

CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED as follows:

1. Petitioner's motion at ECF No. 19 has been fully resolved by ECF No. 20 and no further relief shall issue;

2. Petitioner's motion to disqualify the magistrate judge, ECF No. 28, is DENIED.

DATED: June 26, 2025

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE