UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE TAYLOR III,<br><br>   Petitioner,<br><br>   v.<br><br>WARDEN, et al.,<br><br>   Respondents. | No. 2:25-cv-0398 TLN AC P<br><br><br><br>ORDER |

Petitioner is a California state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court are respondent's motion to dismiss and petitioner's motions for discovery, to strike, for an evidentiary hearing, and several notices. ECF Nos. 13, 30, 34, 36, 39, 40, 44, 45, 49. For the reasons discussed below, the court will deny petitioner's motions for discovery and an evidentiary hearing, grant petitioner's motion to strike, and defer ruling on respondent's motion to dismiss.

   I.   Background

Defendants filed a motion to dismiss arguing, among other things, that the petition should be dismissed because petitioner failed to exhaust state judicial remedies. ECF No. 13. The same day, the court received a notice from petitioner informing the court of his transfer to California Health Care Facility ("CHCF") and that there would be a significant delay in receiving his personal and legal property. ECF No. 14. The court construed this in part as a motion for an

1

extension of time to file an opposition to respondent's motion, and granted the extention. ECF No. 16.

Before the deadline to file an opposition, petitioner filed a motion for emergency injunctive relief, seeking, among other things, a court order that his legal property be located and delivered to him and that he be provided a working state-issued tablet for access to law library resources. ECF No. 19. On May 28, 2025, the court construed petitioner's motion as a request for access to CHCR's law library resources and to his legal property, which had been withheld after his transfer, and a motion for an extension of time to file an opposition to respondent's motion to dismiss. ECF No. 20. Petitioner was granted until August 1, 2025, to file an opposition, and respondents were ordered to respond to petitioner's allegations concerning his property and law library access. Id. at 2.

Respondent filed a response stating that (1) because petitioner is temporarily housed CHCF for medical treatment but remains assigned to Substance Abuse Treatment Facility ("SATF"), his property was not automatically transferred with him, and (2) if petitioner wants his legal property from SATF, he needs to submit a written request to the Receiving and Release department at SATF. ECF No. 26 at 2. Because the court was satisfied that petitioner had a mechanism for obtaining his legal property, petitioner's motion requesting access to his legal property was denied. ECF No. 29. The court similarly denied petitioner's request for *physical* access to the law library, explaining that the court was satisfied that petitioner had adequate access to the law library resources, petitioner does not have a right to physical access to the law library, and that he failed to allege actual injury due to lack of physical access. Id. at 3.

Shortly thereafter, petitioner filed an opposition to respondents' motion to dismiss, as well as motions for discovery, an evidentiary hearing, and to strike. ECF Nos. 30, 34, 36. Petitioner has also filed several notices regarding CDCR's continued denial of physical access to the law library and corresponding proof of services. See ECF Nos. 39-47, 49-51.

////

////

////

II. <u>Petitioner's Notices and Proofs of Service</u>

    A. <u>Notices of Respondents' Culpability for CDCR Employees (ECF No. 39) and Notice of CDCR Violations (ECF No. 40)</u>

Petitioner filed a notice directed to respondents and the Attorney General of the State of California which states that CDCR is culpable for its employees' violation of 18 U.S.C. § 241 and that the Attorney General "has a constitutional and statutory duty to execute the investigation, detection, prosecution, and punishment for the crimes being reported herein this instant filing." ECF No. 39 at 1-2. The notice is accompanied by a memorandum of points and authorities, which alleges a violation of petitioner's First and Fourteenth Amendment rights and a failure to provide reasonable accommodations as required by the Americans with Disabilities Act. ECF No. 39 at 4-7. Petitioner also filed a notice directed to "Chief United States Attorney of the Eastern District of California, Eric A. Grant State Bar Number 151064" that informs U.S. Attorney Grant that his office may exercise it prosecutorial authority to enforce CDCR officials' violations of 18 U.S.C. §§ 241, 242, and 245, and that the notification of these violations warrant investigation into petitioner's allegations. ECF No. 40 at 1-2. This notice also memorializes the lodging of several administrative grievances at CHCF and is accompanied by a memorandum of points and authorities, and a copy of petitioner's prior motions for emergency injunctive relief and for appointment of counsel. <u>Id.</u> at 2, 5-25. Petitioner has also filed certificates/proofs of service for these notices. <u>See</u> ECF Nos. 41-43.

Given the content of these notices, it's unclear whether petitioner intended them as notices to and requests for the Attorney General for the State of California and U.S. Attorney Grant to commence a criminal investigation and/or bring criminal charges against the Warden of CHCF and the Secretary of CDCR, or as civil rights complaints, motions for relief within this habeas action, and/or something else. To the extent these notices are merely correspondence from petitioner to respondents and/or non-parties, including state and federal attorneys, and not relevant to any pending or concurrent motion and/or order from the court in this action, they are improperly filed in this action. Petitioner should only file pleadings, motions, requests, responses and/or replies to pleadings, motions, requests, and/or court orders. To the extent petitioner

3

intended these notices to be filed as separate § 1983 civil rights complaints, and/or complaints under the ADA, petitioner should refile them with clear indication that they are new complaints[1] seeking relief for the federal violations alleged, and not a filing in this habeas action or any currently pending civil rights action.[2]  To the extent these notices were intended as motions for adequate access to law library resources in this habeas action, the court has already ruled that petitioner is receiving adequate access to law library resources and that he does not have a right to physical access to the law library. ECF Nos. 20, 29.  Because there is no indication that his access since the court's last ruling on the issue is no longer adequate, the court will not disturb its prior ruling.  Lastly, to the extent petitioner intended something else by filing these notices, he may inform the court and explain what relief he seeks for consideration.

> B. <u>Notice of Criminal Activity Against the Warden of SATF (ECF No. 44), Notice of Irreparable Harm Caused by Respondents (ECF No. 45), and Notice to Respondent on Unconstitutional Deprivation of Property (ECF No. 49)</u>

The notice of criminal activity directed to the Attorney General of the State of California is a notice that the Warden of SATF was served with a "Legal Notice of Petitioner's demand for personal property to be delivered to Petitioner." ECF No. 44 at 1.  The notice of irreparable harm directed to respondents and the Attorney General of the State of California is a notice that petitioner submitted another administrative grievance with CHCF.  ECF No. 45 at 1.  The last notice, directed to respondents and their attorney of record, is a notice stating that petitioner continues to suffer irreparable harm from the continued unconstitutional deprivation of his legal and personal property.  ECF No. 49.  As evidence petitioner attaches copies of two grievance

---

[1] The allegations do not appear to relate to petitioner's currently pending civil rights action, which asserts a First Amendment retaliation violation against a CHCF physician, his supervisor, the warden, and several doe defendant medical/healthcare staff.  See Taylor v. Awatani, No. 2:25-cv-0307 TLN AC P, ECF No. 1.

[2] Due to the Prison Litigation Reform Act ("PLRA") filing fees requirements, in which prisoners proceeding in forma pauperis must pay the $350 filing fee and any award against the prisoner, by way of periodic deductions from the prisoner's trust account, see 28 U.S.C. § 1915(b)(1), regardless of whether the action is ultimately dismissed.  Bruce v. Samuels, 577 U.S. 82, 85-86 (2016), its provisions requiring sua sponte screening of complaints, and its limits on the number of actions a prisoner may be permitted to file in forma pauperis, the court will *not* proceed to open a new a civil rights action *unless* petitioner clearly expresses a desire to do so. See 28 U.S.C. § 1915 & 1915A; 42 U.S.C. § 1997e.

1  responses. Id. at 1, 5-8.

2  These notices appear to be correspondence from petitioner to respondents and/or their counsel and do not appear to seek court action or respond to any pending order from the court. As such, they do not need to be, nor should they be filed with the court. However, because petitioner may have been unaware that he should not file these types of documents with the court, and, as discussed below, these notices mention information tangentially related to petitioner's pending motions, the court will not strike them at this time.

Going forward, petitioner's filings in this court should clearly identify the type of filing (e.g., motion, notice, response, opposition, etc.), if the filing is being filed in a pending case and if so, include the case number, and what relief or action the filing seeks from the court. Petitioner is warned that any filings, including notices and proofs of service, that are not pleadings, motions, filings in support of, in opposition to, or in reply to a motion, and/or in response to a court order will be stricken from the record.

III. Motions to Dismiss, for Discovery, and for an Evidentiary Hearing (ECF Nos. 13, 30, 36)

In the motion to dismiss, respondent argues that because the California Supreme Court dismissed petitioner's habeas corpus petition under People v. Duvall, 9 Cal.4th 464, 474 (1995) and In re Swain, 34 Cal.2d 300, 304 (1949) and because petitioner could fix the defects and refile his petition in state court, petitioner failed to provide the California Supreme Court with a fair opportunity to rule on the merits of his claim and he is therefore barred from raising his claim in a federal habeas petition. ECF No. 13 at 5-6. However, the Ninth Circuit and other courts in this circuit have already rejected this argument, explaining that although the California Supreme Court's citation to Duvall and Swain indicates that the petition was dismissed without prejudice as "insufficiently pleaded," Curiel v. Miller, 830 F.3d 864, 869 (9th Cir. 2016), and "such deficiency could have been 'cured in a renewed petition,'" Barrera v. Attorney Gen. of California, 473 Fed. Appx. 748, 749 (9th Cir. 2012) (quoting Kim v. Villalobos, 799 F.2d 1317, 1319 (9th Cir. 1986)), the failure to first renew the petition before the California Supreme Court is not dispositive of the issue of whether a claim was fairly presented in the first instance. See Kim, 799

5

F.2d at 1320 ("We cannot accept the State's premise that the California Supreme Court's citation of Swain establishes per se that Kim has failed to exhaust."); Morales v. McVay, No. 2:24-cv-1647 KJM CSK P, 2024 WL 4121922, at *4, 2024 U.S. Dist. LEXIS 161726, at *12 (E.D. Cal. Sept. 9, 2024) ("The California Supreme Court's citation to Duvall and Swain do not establish per se that petitioner failed to exhaust his current claims."); see also Humphry v. Paramo, No. 2:18-cv-0298 JAK (MAA), 2019 WL 410807, at *4, 2019 U.S. Dist. LEXIS 16710, at *8-9 (C.D. Cal. Feb. 1, 2019) (failure to file an amended petition to cure "the deficiency signaled by the Duvall citation" is not dispositive of the question "whether the prisoner gave the state court a fair opportunity in the first instance to address the federal claim"). Rather, when this occurs, the federal court "must independently analyze the *petition* presented to the California Supreme Court to determine whether [petitioner] satisfied federal exhaustion requirements and alleged his claims 'with as much particularity as is practicable.'" Barrera, 473 Fed. Appx. at 749 (quoting Kim, 799 F.2d at 1320) (emphasis added).

In opposition, petitioner filed a motion for discovery under Habeas Rule 6 and a motion for an evidentiary hearing asking the court to compel respondents to produce authenticated material that controverts petitioner's affirmation that he supported his state petition with reasonably available documentation, ECF No. 30 at 6, and hold an evidentiary hearing to adjudicate whether petitioner "fairly presented" his claim to the California Supreme Court. ECF No. 36 at 4. The court will deny both motions because petitioner seeks discovery that he is not entitled to, see Calderon v. Unite States Dist. Court (Hill), 110 F.3d 714, 715 (9th Cir. 1997) (a petitioner cannot avail himself of Rule 6 discovery until he has filed a federal habeas petition on an *exhausted* claim), and an evidentiary hearing on exhaustion is unnecessary.

Because the California Supreme Court dismissed petitioner's state habeas petition citing to Duvall and Swain, this court "must independently analyze the petition presented" in Taylor (Wayne) on Habeas Corpus, No. S287429 (California Supreme Court) "to determine whether [petitioner] satisfied federal exhaustion requirements and alleged his claims 'with as much particularity as is practicable.'" Barrera, 473 Fed. Appx. at 749 (quoting Kim, 799 F.2d at 1320) (emphasis added); cf. Smith v. Digmon, 434 U.S. 332, 333-34 (1978) (per curiam) (it does not

1  matter whether the state court addressed or even considered the claim, as long as the petitioner
2  presented the claim and thus provided the state's highest court a "fair opportunity" for it to do so);
3  Scott v. Schriro, 567 F.3d 573, 583 (9th Cir. 2009) ("All exhaustion requires is that the state court
4  have the opportunity to remedy an error, not that they actually took advantage of the
5  opportunity."). Although it is petitioner's burden to establish exhaustion, Cartwright v. Cupp,
6  650 F.2d 1103, 1104 (9th Cir. 1981) (per curiam), and he has not provided the court with a copy
7  of his petitions in Taylor (Wayne) on Habeas Corpus, No. S287429, the court is not prepared to
8  dismiss his federal habeas action at this time. Instead, because it appears petitioner's legal
9  property from before his transfer to CHCF in April 2025 is being withheld, see ECF No. 49 at 5-
10 8, and that this may have prevented and/or may continue to prevent petitioner from providing the
11 court with a copy of those filings which are necessary to make a ruling on exhaustion, respondent
12 will be require to file with this court a copy of the record in Taylor (Wayne) on Habeas Corpus,
13 No. S287429. Once the court receives the record, the court will rule on respondent's motion to
14 dismiss.

15     Respondent will also be ordered to provide the court with an update on the status of
16 petitioner's legal property located at SATF. Respondent previously assured the court there was a
17 mechanism for petitioner to obtain his legal property from SATF and that the only reason he had
18 not receive said property was because he had not availed himself of that process. ECF No. 26 at
19 2. However, recent filings show petitioner's attempt to avail himself of that process in July 2025,
20 a September 2025 response indicating petitioner will not receive his legal property from SATF
21 while at CHCF, and a sworn declaration that as of October 1, 2025, his legal property at SATF is
22 still being withheld. ECF Nos. 44 at 3; ECF No. 49 at 2, 8.

23     IV.    Motion to Strike (ECF No. 34)
24     Petitioner filed a motion to strike and replace a certificate of service dated July 2, 2025,
25 with a certificate of service dated July 6, 2025. ECF No. 34. It appears petitioner is referring to
26 the certificate of service for the Motion for Discovery and Opposition to Respondent's Motion to
27 Dismiss, which was attached to the motion. See ECF No. 30 at 10. The court will grant
28 petitioner's motion to strike, however, going forward, to the extent there is an error on a

certificate of service that petitioner is required to file with the court,[3] he can file a "corrected" or "amended" certificate of service. No court order or other action is necessary unless the court states otherwise.

V.  Conclusion

For the forgoing reasons, IT IS HEREBY ORDERED that:

1. Petitioner's motion for discovery (ECF No. 30) is DENIED.
2. Petitioner's motion to strike (ECF No. 34) is GRANTED.
3. Petitioner's motion for an evidentiary hearing (ECF No. 36) is DENIED.
4. Ruling on respondent's motion to dismiss (ECF No. 13) is DEFERRED.
5. Within fourteen days from the date of this order, respondent's counsel must file in this action a copy of the record in Taylor (Wayne) on Habeas Corpus, No. S287429 (California Supreme Court), and a status report on petitioner's access to his legal property located at SATF.

DATED: October 17, 2025

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[3] Petitioner should only file a certificate of service when required by Federal Rule of Civil Procedure 5(d)(1)(B).