|    |    |
|----|----|
| 1  |    |
| 2  |    |
| 3  |    |
| 4  |    |
| 5  |    |
| 6  |    |
| 7  |    |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WAYNE TAYLOR III,

    Petitioner,

    v.

WARDEN, et al.,

    Respondents.

No. 2:25-cv-0398 TLN AC P

ORDER

Petitioner is a California state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is petitioner's ex parte motion for certified copies of case records on docket, in which petitioner seeks, pursuant to 28 U.S.C. § 2250, certified copies of (1) the entire civil docket sheet, (2) all of respondents' filings entered on the Civil Docket, and (3) all orders entered. ECF No. 52 at 1. Petitioner claims to need certified copies of these documents in order to prepare for and present an appeal to the Ninth Circuit. Id. at 2.

The fact that the court has granted petitioner leave to proceed in forma pauperis does not entitle him to free copies of documents from the Court. Under 28 U.S.C. § 2250, in any application for a writ of habeas corpus where the petitioner proceeds in forma pauperis, the court *may* provide copies of documents or parts of the record on file. The question of "what if any copies should be supplied rests within the sound discretion of [the] judge." Chessman v. Teets,

1

1   239 F.2d 205 (9th Cir. 1956), vacated on other grounds 354 U.S. 156 (1957).  "The litigant
2   seeking copies must provide sufficient information to enable the Court to determine the necessity
3   for the copies requested."  Van Wyk v. Beard, 2016 WL 3381283, at *12, 2016 U.S. Dist. LEXIS
4   76803, at *36 (C.D. Cal. Mar. 14, 2016), findings and recommendations adopted, 2016 WL
5   3388305, 2016 U.S. Dist. LEXIS 76786 (C.D. Cal. Jun. 13, 2016); see also Foss v. Martel, No.
6   09-cv-3551 JAM JFM, 2011 WL 2414512, at *3, 2011 U.S. DIst. LEXIS 66368, at *9 (E.D. Cal.
7   June 10, 2011).

Here, petitioner has not shown a need for the court to send him free copies of the documents he seeks, which consist of seventy-one pages.  Petitioner does not claim that he did not receive and/or is missing any of these documents, nor does he explain why he needs *certified* copies to prepare his appeal.  To the extent petitioner believes he needs certified copies to submit to the court on appeal, he does not.  Pursuant to Federal Rule of Appellate Procedure 24(c), a petitioner proceeding in forma pauperis "may request that the appeal be heard on the original record without reproducing any part of it."  Accordingly, plaintiff's motion will be denied.

Petitioner is informed, for the third time, that the Clerk's Office will provide copies of documents and of the docket sheet at $0.50 per page.  If plaintiff wants these documents certified, he must also pay an additional $12 per document.  To request a copy of the documents he has identified above (11 separate documents totaling seventy-one pages), he must submit a request in writing to the Clerk, provide a large self-addressed envelope affixed with sufficient postage for all pages, along with prepayment of the copy costs of $35.50 plus certification cost of $132 by check or money order payable to "Clerk, USDC."

Accordingly, IT IS HEREBY ORDERED that petitioner's ex parte motion for certified copies (ECF No. 52) is DENIED.

DATED: October 22, 2025

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

2