UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE TAYLOR, III,<br><br>   Petitioner,<br><br>   v.<br><br>WARDEN, et al.,<br><br>   Respondents. | No. 2:25-cv-00398-TLN-AC<br><br>**ORDER** |

This matter is before the Court on Petitioner Wayne Taylor III's ("Petitioner") Motion for Reconsideration of the assigned magistrate judge's October 20, 2025 order. (ECF Nos. 55, 62.) For the reasons set forth below, the Court DENIES Petitioner's motion.

The general facts of this case are known to both parties. Relevant here, Respondents filed a motion to dismiss Petitioner's petition for writ of habeas corpus arguing in part that Petitioner failed to exhaust state judicial remedies. (ECF No. 13 at 4.) Specifically, Respondents argued Petitioner could refile his petition in state court. (*Id.* at 5–6.) In response, Petitioner filed several motions including a motion for an evidentiary hearing. (ECF No. 36.) Petitioner requested the evidentiary hearing to adjudicate whether Petitioner "fairly presented" his claim to the California Supreme Court. (*Id.* at 4.) On October 20, 2025, the magistrate judge denied Petitioner's motion for an evidentiary hearing finding it unnecessary. (ECF No. 55 at 6.) Petitioner now seeks

reconsideration of this October 20, 2025 order.  (ECF No. 62.)

A party may object to a non-dispositive pretrial order of a magistrate judge within fourteen days after service of the order.  *See* Fed. R. Civ. P. 72(a).  The magistrate judge's order will be upheld unless it is "clearly erroneous or contrary to law."  *Id.*; 28 U.S.C. § 636(b)(1)(A); E.D. Cal. L.R. 303(f).  "A party seeking reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse a prior decision."  *Martinez v. Lawless*, No. 1:12-CV-01301-LJO-SKO, 2015 WL 5732549, at *1 (E.D. Cal. Sept. 29, 2015) (citing *Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987)).

Under the "clearly erroneous" standard, "the district court can overturn the magistrate judge's ruling only if the district court is left with the 'definite and firm conviction that a mistake has been committed.'"  *E.E.O.C. v. Peters' Bakery*, 301 F.R.D. 482, 484 (N.D. Cal. 2014) (quoting *Burdick v. C.I.R.*, 979 F.2d 1369, 1370 (9th Cir. 1992)).  "Thus, review under the 'clearly erroneous' standard is significantly deferential.'"  *Concrete Pipe and Prods. of Cal., Inc. v. Constr. Laborers Pension Tr. for S. Cal.*, 508 U.S. 602, 623 (1993).  "A [m]agistrate [j]udge's decision is 'contrary to law' if it applies an incorrect legal standard, fails to consider an element of applicable standard, or fails to apply or misapplies relevant statutes, case law, or rules of procedure."  *Martin v. Loadholt*, No. 1:10-CV-00156-LJO-MJ, 2014 WL 3563312, at *1 (E.D. Cal. July 18, 2014) (citation omitted).

Petitioner raises several objections arguing the magistrate judge's decision to deny his request for an evidentiary hearing was clearly erroneous and contrary to law.  (ECF No. 62 at 2–5.)  Primarily, Petitioner appears to argue that the denial of his request for an evidentiary hearing is itself contrary to law.  (*Id.*)  While it is certainly true that such a denial can be erroneous, there is no universal requirement that an evidentiary hearing be held for all habeas petitions under all circumstances.  The Supreme Court discusses mandatory and discretionary hearings in *Townsend v. Sain*, which Petitioner cites to in his motion.  (ECF No. 62 at 2 (citing 372 U.S. 293 (1962)).)  As Petitioner points out, under *Townsend*, district courts must hold an evidentiary hearing if the habeas applicant did not receive a full and fair evidentiary hearing in state court.  (*Id.* (citing 372

2

1  U.S. at 312–13).)  However, a federal evidentiary hearing is not always required, where, as here,
2  the question of whether Petitioner exhausted his claim can be determined based on the record.
3  *See Townsend*, 372 U.S. at 313 n.9; *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007) ("[I]f the
4  record refutes [Petitioner's] factual allegations or otherwise precludes habeas relief, a district
5  court is not required to hold an evidentiary hearing.").

6  The magistrate judge found an evidentiary hearing was unnecessary to determine the
7  exhaustion issue and the Court finds no reason to find otherwise.  Because the Court finds no
8  clear error or holding contrary to law, the Court DENIES Plaintiff's motion for reconsideration of
9  the magistrate judge's October 20, 2025 order.

10  Plaintiff's motion for reconsideration (ECF No. 62) is DENIED.

11  IT IS SO ORDERED.

12  Date: December 22, 2025

13  _____
    TROY L. NUNLEY
14  CHIEF UNITED STATES DISTRICT JUDGE