UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WAYNE TAYLOR III,

              Petitioner,

    v.

WARDEN, et al.,

              Respondents.

No.  2:25-cv-0398 TLN AC P

ORDER and

FINDINGS & RECOMMENDATIONS

Petitioner is a California state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  ECF No. 1.  Pending before the court are respondent's motion to dismiss (ECF No. 13), petitioner's motion for a Rule 201(e) hearing and mandamus (ECF No. 58), motion for a temporary restraining order (ECF No. 65) and related motion to file supplemental brief (ECF No. 72), motion for a status conference (ECF No. 67), and motion for hearing dates (ECF No. 73).  Petitioner has also filed several notices and numerous proofs of service that do not comply with the federal or local rules.  ECF Nos. 63, 75-80, 82-91.

For the reasons discussed below, respondent's motion to dismiss (ECF No. 13) should be DENIED.  Petitioner's numerous filings are also addressed, in turn, below.

////

////

////

1

I.      Defendant's Motion to Dismiss

        A.  Exhaustion

Federal law requires any habeas claim to be presented first to the state courts to correct any constitutional error.  See 28 U.S.C. § 2254(b)(1)(A); see also Rose v. Lundy, 455 U.S. 509, 515-16 (1982) (explaining why federal habeas petitioners must exhaust claim by giving state courts the first opportunity to correct constitutional error).  Under federal exhaustion requirements, petitioner must have "fully and fairly" presented his claims to the California Supreme Court by alerting the court to the factual basis for, and federal constitutional nature of, the claims.  See Sivak v. Hardison, 658 F.3d 898, 908 (9th Cir. 2011).  "Full and fair presentation ... requires a petitioner to present the substance of his claim to the state courts, including a reference to a federal constitutional guarantee and a statement of facts that entitle the petitioner to relief."  Scott v. Schriro, 567 F.3d 573, 582 (9th Cir. 2009) (per curiam).  "[A]s long as the 'ultimate question for disposition' has remained the same in state and federal court, ... 'variations in the legal theory or factual allegations urged in its support' are entirely legitimate."  Id. at 1102 n. 14 (quoting Picard v. Connor, 404 U.S. 270, 277 (1971)).

Respondent's motion to dismiss contends that the federal habeas petition should be dismissed because petitioner failed to exhaust his state judicial remedies.  ECF No. 13.  Specifically, respondent contends that because the California Supreme Court dismissed petitioner's habeas corpus petition pursuant to People v. Duvall, 9 Cal.4th 464, 474 (1995) and In re Swain, 34 Cal.2d 300, 304 (1949) and petitioner could presumably correct the defects and refile his petition in state court, he is procedurally barred from raising his claim via his federal habeas petition.  Id. at 5-6.  In essence, respondent argues that exhaustion requires further presentation to the California Supreme Court following a Duvall and Swain dismissal.

As this court observed in its October 17, 2025 order, the Ninth Circuit and other courts in this circuit have already rejected this argument.  ECF No. 55 at 6.  The California Supreme Court's citation to Duvall and Swain indicates the court determined that petitioner's habeas petition was procedurally deficient for failure to comply with state rules requiring him to "allege with particularity the facts upon which he would have a final judgment overturned," Swain, 34

2

Cal.2d at 304, and "include copies of reasonably available documentary evidence supporting the claim[s], including ... affidavits or declarations." Duvall, 9 Cal.4th at 474. Though such a deficiency can be "cured in a renewed petition," petitioner's failure to file a renewed petition in the California Supreme Court does not per se establish a failure to exhaust his state remedies. See Kim v. Villalobos, 799 F.2d 1317, 1319-20 (9th Cir. 1986) ("We cannot accept the State's premise that the California Supreme Court's citation of Swain establishes per se that Kim has failed to exhaust."). The federal court "must independently analyze the petition presented to the California Supreme Court to determine whether [petitioner] satisfied federal exhaustion requirements and alleged his claims 'with as much particularity as is practicable.'" Barrera v. Attorney General of California, 473 Fed. Appx. 748, 749 (quoting Kim, 799 F.2d at 1320); cf. Smith v. Digmon, 434 U.S. 332, 333-34 (1978) (per curiam) (it does not matter whether the state court addressed or even considered the claim, as long as the petitioner presented the claim and thus provided the state's highest court a "fair opportunity" for it to do so). As the Ninth Circuit has explained, "[a]ll exhaustion requires is that the state court have the opportunity to remedy an error, not that they actually took advantage of the opportunity." Scott v. Schriro, 567 F.3d 573, 583 (9th Cir. 2009).

The undersigned directed respondents to file a copy of the relevant record in Taylor (Wayne) on Habeas Corpus, No. S287429. ECF No. 55 at 6. Respondents complied with this directive by filing copies of the California Supreme Court's docket sheet, petitioner's habeas petition dated October 17, 2024, and amended petition dated November 18, 2024. ECF No. 61.

The court has reviewed the habeas petitions presented to the California Supreme Court and finds that petitioner sufficiently described his federal due process claim to have alerted the state court to the federal constitutional nature and factual basis for his claims. Indeed, the first line of his first amended habeas petition provides, "Upon Petitioner's state-created liberty interest that is under the federal protection of the Due Process Clause in the Fourteenth Amendment to the U.S. Constitution, Petitioner invokes the CA Penal Code section 1172.2(g) mandate for the CDCR to proceed immediately to the recommendation to Petitioner's sentencing court to recall Petitioner's commitment under said statute's mandate…" ECF No. 61 at 82. He later contends

3

that "petitioner's liberty interest is of real substance, and it is entitled to the procedural protections of the Due Process Clause in the Fourteenth Amendment because CDCR's denial in failing to follow the procedure mandated by subdivision (g) of Penal Code section 1172.2 as CDCR did not make the requisite determination of whether Petitioner is entitled to immediate compassion release for time served on his term of confinement and discharge … presents the type of atypical and significant deprivation in which the state created a liberty interest." Id. at 96. In addition to citing the relevant Penal Code provisions, California Constitution, and other federal caselaw addressing the liberty interests of state prisoners under the Due Process Clause, petitioner cites to Sandin v. Conner, 515 U.S. 472 (1995), in which the United States Supreme Court reexamined the circumstances under which state prison regulations afford inmates a liberty interest protected by the Due Process Clause. Id. at 82, 96. In sum, the fact that petitioner is asserting a constitutional claim under the federal Due Process Clause based on an alleged violation of his liberty interest in compassionate release created by California Penal Code § 1172.2(g), is readily apparent upon even a cursory review of his state habeas petition. ECF No. 61 at 82-83.

Similarly, the court finds that petitioner described the factual basis of his due process claim in sufficient detail to satisfy the federal exhaustion requirement. Petitioner alleged that he was "overdue for release" because "Petitioner meets the medical criteria set forth in subdivision (b)(2) of Penal Code section 1172.2." ECF No. 61 at 82. He explained that during his incarceration, "two Chief Medical Executives at CHCF-Stockton have failed to respond to my requests that I served upon each of them pursuant to subdivision (g) of Penal Code section 1172.2 on 8/25/24 and 10/6/24, respectively." Id. In addition, petitioner asserted that his primary care physician informed him that he did not meet the statutory medical criteria because petitioner "can ambulate in Petitioner's wheelchair." Id. Petitioner contends that these prison officials' actions indicate they have no "intention of fulfilling mandates of subdivision (g)," thereby "harming Petitioner's liberty interest created by said statute in that Petitioner meets both the medical and statutory criteria set forth in subdivision (b) and (b)(2)." Id. In support of his factual assertions, petitioner attached his declaration describing his back condition which prevents him from

ambulating without a wheelchair, copies of his relevant correspondence requesting compassionate release under the statute, among other supporting documents.  Id. at 100-161.  The court finds that petitioner's submissions adequately describe the factual basis of his claims to have exhausted his state court remedies for purposes of federal habeas review.

Accordingly, petitioner's claim is neither procedurally barred nor unexhausted, as alleged by respondent.  ECF No. 13 at 5-6.  The court turns next to respondent's contention that petitioner is not entitled to federal habeas relief because he is only asserting a violation of state law.  Id. at 3.

### B.  Petitioner's Federal Due Process Claim

The Fourteenth Amendment's due process clause provides that the states shall not "deprive any person of life, liberty, or property, without due process of law."  The due process clause, however, does not protect against every change in the conditions of confinement having a substantial adverse impact on a prisoner.  Sandin v. Conner, 515 U.S. 472, 478 (1995); Meachum v. Fano, 427 U.S. 215, 222-24 (1976) (not every "change in the conditions of confinement having a substantial adverse impact on the prisoner involved is sufficient to invoke the Due Process Clause").  In Sandin, the Supreme Court reviewed the jurisprudential history of due process claims predicated on state prison regulations, overruled prior controlling precedent, Hewitt v. Helms, 459 U.S. 460 (1983), in part,[1] and instituted a new standard for courts addressing the issue of whether a prison regulation implicates a constitutional liberty interest.  The Supreme Court held that state laws may create liberty interests, but those interests are "generally limited to freedom from restraint which ... imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Sandin, 515 U.S. at 484. As discussed above, petitioner contends that California Penal Code § 1172.2 created such a "liberty interest" pursuant to Sandin and similar federal caselaw if his medical condition satisfies the specified medical criteria but he was nevertheless denied a recall of his sentence.  ECF No. 1.

[1]  Specifically, Sandin overruled in part Hewitt v. Helms, 459 U.S. 460 (1983), which had required an inquiry into whether the state had gone beyond issuing mere procedural guidelines and had used "language of an unmistakably mandatory character" such that the incursion on liberty would not occur "absent specified substantive predicates."  Sandin, 515 U.S. at 480.

5

Section 1172.2 requires the chief medical executive to recommend to the court that an incarcerated person's sentence be recalled if the person (1) "has a serious and advanced illness with an end-of-life trajectory" – which petitioner does not allege – or, relevant here, (2) "is permanently medically incapacitated with a medical condition or functional impairment that renders them permanently unable to complete basic activities of daily living, including, but not limited to, bathing, eating, dressing, toileting, transferring, *and ambulation*....and that incapacitation did not exist at the time of the original sentencing" Cal. Penal Code § 1172.2(b) (emphasis added). Petitioner contends that his back impairment and resulting permanent confinement to a wheelchair, which seriously limits his ability to complete basic activities of daily living, satisfies the requirements of Cal. Penal Code § 1172.2(b)(2). ECF No. 5 at 1-2 (asserting "From 12/17/2020 to date, I have never been able to walk independently due to said lower back pain."); 8 ("On 10/2/24, my physical therapist documented in my health records that his prognosis is that there will be 'no improvement' in my present inability to walk.").[2]

Petitioner requested consideration for recall and resentencing by Chief Medical Executive Robert Chapnick on August 25, 2024, consistent with the procedures set forth in Cal. Penal Code § 1172.2(g). Id. at 5. Petitioner alleges that to date, however, Mr. Chapnick has failed to recommend the recall of his sentence or otherwise respond, in violation of the procedures set forth in Penal Code § 1172.2(g). Similarly, petitioner alleges his primary care physician opined that he did not meet the statutory criteria because petitioner "can ambulate in his wheelchair" – a finding petitioner does not consider having been made in good faith – and his grievances were denied by prison officials. Id. at 5-6. Because petitioner alleges that Cal. Penal Code § 1172.2 created a liberty interest pursuant to Sandin and its progeny, he contends respondents' failure to comply with the statute's directives violated his federal due process rights. Id. at 8-9.

In the pending motion to dismiss, respondent characterizes petitioner's habeas petition as

_____

[2] Petitioner also argues his release would not present "an unreasonable risk of danger to public safety, as defined in subdivision (c) of Section 1170.18, based on the incarcerated person's current physical and mental condition" – a finding under Cal. Penal Code § 1172.2(b) that could otherwise overcome the statutory presumption favoring recall of his sentence even if he satisfies the medical criteria.

strictly challenging the application of California Penal Code § 1172.2 and contends that federal habeas relief is unavailable for such alleged errors of state law.  ECF No. 13 at 4.  Respondent contends that petitioner has failed to identify, let alone describe, how he meets the specific medical criteria of California Penal Code § 1172.2.  Id.  Respondents further assert that petitioner cannot transform a state law into a federal one merely by asserting a violation of due process.  Id.  Although respondent correctly points out that there is no right to be released before the expiration of a valid sentence, respondents do not address Sandin or meaningfully respond to petitioner's argument that a liberty interest was created by California Penal Code § 1172.2.  Id. (citing Swarthout v. Cooke, 562 U.S. 216, 220 (2011); Greenholtz v. Inmates of Neb. Penal and Corr. Complex, 442 U.S. 1, 7 (1979)).

The court does not agree with respondent's characterization of petitioner's federal due process claim as strictly asserting a violation of state law.  And as described in detail above, petitioner does indeed explain the factual basis of his belief that he satisfies the medical criteria, namely that his inability to ambulate without a wheelchair satisfies the criteria of Cal. Penal Code § 1172.2(b)(2).  Petitioner repeatedly asserts a violation of his federal due process rights pursuant to Sandin and other federal caselaw because of his continued incarceration as well as prison officials' failure to comply with the statute's directives to provide "updated information throughout the recall and resentencing process with regard to the incarcerated person's medical condition and the status of the incarcerated person's recall and resentencing proceedings."  Cal. Penal Code § 1172.2(f).

The undersigned expresses no opinion about the merits of petitioner's due process theory.  However, it is simply not the case that his petition fails to present an identifiable federal claim for relief.  And respondent's briefing of the present motion is inadequate to reach the question whether petitioner's due process claim is meritorious or, as implicitly argued, fails as a matter of law.

Accordingly, respondent's motion to dismiss petitioner's habeas petition (ECF No. 13) should be DENIED and respondent should be directed to file a response to petitioner's habeas petition within thirty days from the date of the district judge's adoption of these Findings and

Recommendations.  See Rule 4, 28 U.S.C. § 2254.  An answer shall be accompanied by all documents relevant to the issues presented in the petition.  See Rule 5, 28 U.S.C. § 2254.  Petitioner's reply, if any, shall be filed and served within thirty days after service of the answer.

## II.    Petitioner's Miscellaneous Filings

### A.  Notices and Unrelated Proofs of Service

By order filed October 17, 2025, the court directed petitioner to stop filing documents, including notices and proofs of service, that are not specifically seeking court action or responding to any pending order from the court in this action.  ECF No. 55 at 5.  Petitioner was cautioned that any filings in this court should clearly identify the type of filing (e.g., motion, notice, response, opposition, etc.) and relief or action the filing seeks from the court.  Id.  Petitioner was further warned that the court will strike any filings, including notices and proofs of service, that are not pleadings, motions, filings in support of, in opposition to, or in reply to a motion, and/or in response to a court order directly relating to this matter.  Id.

Despite these instructions, petitioner has continued to file numerous notices and proofs of service that do not comply with the Court's Order.  ECF Nos. 63, 75-80, 82-91.  Accordingly, the Clerk is directed to STRIKE these filings (ECF Nos. 63, 75-80, 82-91) from the docket.

### B.  Petitioner's Miscellaneous Motions

Petitioner has filed several motions requesting that the court schedule hearings or status conferences to resolve his miscellaneous motions, consider his habeas claims, or otherwise direct action by prison officials.  ECF Nos. 58, 65, 67, 72, 73.  Despite the differing procedural posture of petitioner's various motions, there is substantial overlap with respect to the nature of requested relief.  The court addresses each of petitioner's pending motions below.

#### 1.  Petitioner's Access to Legal and Personal Property

On November 14, 2025, petitioner filed a "motion for temporary restraining order enjoining respondent Secretary of CDCR" and requesting delivery of all of his personal property because the six boxes of legal property that were delivered to him in October 2025 did not contain all of his legal property.  ECF No. 65 at 5.  On January 16, 2026, petitioner filed a related "ex

8

parte motion for leave to file supplemental motion in support of motion for TRO" requesting that, along with his remaining legal property, petitioner be provided "all personal property such as petitioner's religious items" which have been withheld from him without good cause since May 2025. ECF No. 72.[3]

This court previously directed respondent to provide an update on the status of petitioner's legal property located at the Substantive Abuse Treatment Facility ("SATF") based on petitioner's representations that he had availed himself of the process to request this material, but it was still not timely provided to him. ECF No. 55 at 7. Respondent explained that petitioner was on a medical hold at the California Health Care Facility ("CHCF") and as such, his personal property was not automatically transferred from SATF. ECF No. 61. However, in October 2025, six of the eight boxes of petitioner's personal property were identified as petitioner's "legal property" and issued to petitioner. Id. at 2. Petitioner is now alleging that he requires access to the remaining two boxes of personal property because they contain additional legal property (ECF No. 65) and his religious personal property (ECF No. 72).

Respondents are directed to provide the court with a status update relating to petitioner's access to his personal property by no later than **Friday, April 3, 2026**. In particular, respondents are directed to explain why petitioner has been denied access to the two remaining boxes of his personal property, which petitioner represents include additional legal property and religious items, and whether good cause exists for prisoner officials to continue to restrict such access.

2. <u>Petitioner's Motion for a Writ of Mandamus to Respondent J. Clark Kelso</u>

In his October 22, 2025 "Motion in the Nature of Mandamus," ECF No. 58, petitioner contends that respondent J. Clark Kelso, the court-appointed receiver over the California prison medical care system, has been derelict in his official duties. ECF No. 58 at 8. Petitioner requests that the court order Mr. Kelso "to execute expeditiously the duties of his office of the receiver by directing and causing the properly designated physicians to fulfill all of said physicians' clear,

---

[3] Petitioner is advised that his requests for access to his legal and personal property are not properly characterized as "motions for a temporary restraining order," which is a request to prevent another party from taking certain actions that could cause immediate harm or irreparable injury.

9

present, and ministerial duties" consistent with Cal. Penal Code § 1172.2(g).  Id.  In short, petitioner asks the court to order Mr. Kelso to provide the same relief that petitioner is seeking via his habeas petition, i.e., compassionate release from his sentence pursuant to Cal. Penal Code § 1172.2.

"The writ of mandamus is a 'drastic and extraordinary' remedy 'reserved for really extraordinary causes.'"  In re Van Dusen, 654 F.3d 838, 840 (9th Cir. 2011) (quoting Ex parte Fahey, 332 U.S. 258, 259–60 (1947)); see also Gulfstream Aerospace Corp. v. Mayacamas Corp., 485 U.S. 271, 289 (1988) ("This Court repeatedly has observed that the writ of mandamus is an extraordinary remedy, to be reserved for extraordinary situations.").  To the extent petitioner is attempting to challenge the conditions of his confinement as unconstitutional, such claims should be brought, if at all, in a civil rights action pursuant to 42 U.S.C. § 1983, which "creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights."  Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012) (internal quotation mark omitted) (quoting Devereaux v. Abbey, 263 F.3d 1070, 107 (9th Cir. 2001)); see also Preiser v. Rodriguez, 411 U.S. 475, 499 (1973) ("[A] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life.").  However, petitioner's federal habeas petition remains the proper vehicle to challenge the constitutionality of his conviction and sentence.  See Nettles v. Grounds, 830 F.3d 922, 927 (9th Cir. 2016) (habeas corpus is the exclusive vehicle for relief affecting the duration of confinement).

Because the type of relief petitioner is seeking from respondent Kelso via a motion for writ of mandamus is not properly sought in this federal habeas action, petitioner's motion (ECF No. 58) is DENIED.

### 3.   Petitioner's Motions for Status Conferences and/or Hearings

Finally, by motions dated December 5, 2025 and January 29, 2026, petitioner asks the court to schedule a status conference and/or hearing(s) to adjudicate petitioner's miscellaneous pending motions and facilitate a swifter resolution of his habeas petition.  ECF No. 67 at 8; ECF No. 73 at 2.  Petitioner asks the court to take judicial notice of his filings pursuant to Fed. R. Evid.

10

201(e), and schedule a hearing pursuant to Local Rule 174, which governs video or telephone conferences for pretrial proceedings.

As a threshold matter, neither Fed. R. Evid. 201(e) or Local Rule 174 entitle petitioner to the relief he is seeking through these motions, which is a hearing to expedite a ruling on the merits of his habeas petition.  The court has directed respondent to file a substantive response to the federal habeas petition and will determine whether a hearing is necessary upon review of the parties' additional briefing.  Petitioner's motions for a status conference or hearing (ECF Nos. 67 and 73) at this juncture are DENIED.

CONCLUSION

For the forgoing reasons, IT IS HEREBY ORDERED that:

1. The Clerk is directed to STRIKE from the docket petitioner's miscellaneous notices and proofs of service at ECF Nos. 63, 75-80, 82-91.

2. Respondents are directed to update the court in writing regarding petitioner's access to his personal property and to respond to petitioner's related motions (ECF Nos. 65 and 72) no later than **Friday, April 3, 2026**.

3. Petitioner's motion for a writ of mandamus (ECF No. 58), and motions for a hearing and status conference (ECF Nos. 67 and 72), are DENIED.

It is FURTHER RECOMMENDED as follows:

1. Respondent's motion to dismiss (ECF No. 13) be DENIED; and

2. Respondent be directed to file a response petitioner's habeas petition within thirty days from the date of adoption of these Findings and Recommendations.  See Rule 4, 28 U.S.C. § 2254.  An answer shall be accompanied by all documents relevant to the issues presented in the petition.  See Rule 5, 28 U.S.C. § 2254.  Petitioner's reply, if any, shall be filed and served within thirty days after service of the answer.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned

11

"Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 31, 2026

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

12