UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE TAYLOR III, | No.  2:25-cv-0398 TLN AC P |
| Petitioner, | |
| v. | ORDER TO SHOW CAUSE |
| WARDEN, et al., | |
| Respondents. | |

Petitioner is a California state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  In the Order and Findings and Recommendations issued on March 31, 2026, respondents were "directed to update the court in writing regarding petitioner's access to his personal property and to respond to petitioner's related motions (ECF Nos. 65 and 72) no later than **Friday, April 3, 2026**."  ECF No. 92 at 11.  To date, however, respondents have failed to comply with the court's directive.

Specifically, on November 14, 2025, petitioner filed a "motion for temporary restraining order enjoining respondent Secretary of CDCR" and requesting delivery of all of his personal property because the six boxes of legal property that were delivered to him in October 2025 did not contain all of his legal property.  ECF No. 65 at 5.  On January 16, 2026, petitioner filed a related "ex parte motion for leave to file supplemental motion in support of motion for TRO" requesting that, along with his remaining legal property, petitioner be provided "all personal

1

property such as petitioner's religious items" which have been withheld from him without good cause since May 2025.  ECF No. 72.

Respondents previously advised the court that although plaintiff was on medical hold at the California Health Care Facility, six of the eight boxes of petitioner's personal property were identified as petitioner's "legal property" and issued to petitioner in October 2025.  ECF No. 61 at 2.  Petitioner is now alleging that he requires access to the remaining two boxes of personal property because they contain additional legal property (ECF No. 65) and his religious personal property (ECF No. 72).  On April 2, 2026, petitioner submitted an additional filing complaining that he has been denied access to legal materials required to pursue his habeas case, including paper and envelopes.  ECF No. 93 at 2.

Respondents have failed to comply with the court's order to (1) provide the court with a status update, (2) explain why petitioner has been denied access to the two remaining boxes of his personal property, and (3) explain whether good cause exists for prison officials to continue to restrict such access.  The April 3, 2026 deadline has now passed.

It is accordingly ORDERED that respondents shall show cause, in writing, within 14 days why their failure to comply with the court's order and respond to petitioner's pending motions (ECF Nos. 65 and 72) should not result in the motions being granted as unopposed.  In their submission, respondents shall also address petitioner's most recent arguments regarding his limited access to legal materials presented in his April 2, 2026 filing.  ECF No. 93.

IT IS SO ORDERED.

DATED: April 8, 2026

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

2