UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WAYNE TAYLOR III,

          Petitioner,

   v.

WARDEN, et al.,

          Respondents.

No.  2:25-cv-0398 TLN AC P

ORDER

Petitioner is a California state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  In the court's March 31, 2026 Order and Findings and Recommendations, respondents were "directed to update the court in writing regarding petitioner's access to his personal property and to respond to petitioner's related motions (ECF Nos. 65 and 72) no later than Friday, April 3, 2026."  ECF No. 92 at 11.  When respondents failed to timely comply with this directive, the court ordered respondents to show cause why their failure to comply and respond to petitioner's pending motions (ECF Nos. 65 and 72) should not result in the motions being granted as unopposed.  ECF No. 84.  Respondents were further ordered to address petitioner's April 2, 2026 filing (ECF No. 93) alleging denial of access to paper and envelopes.  ECF No. 94.  Respondents filed a substantive response to the court's order on April 14, 2026, along with a declaration from counsel and supporting evidence.  ECF Nos. 95, 95-1 (Hennes Decl).

1

As discussed below, the court DENIES petitioner's pending motions (ECF Nos. 65, 72, and 93) because he is not being wrongfully denied access to any legal, religious, or personal property at his current institution.  Petitioner's additional request for an extension of time (ECF No. 97) to file objections to the court's March 31, 2026 Findings & Recommendations ("F&R") is GRANTED IN PART.

## I.    DISCUSSION

### A.  Petitioner's Personal Property and Religious Items

On November 14, 2025, petitioner filed a "motion for temporary restraining order enjoining respondent Secretary of CDCR."   ECF No. 65.  Petitioner requested delivery of all of his personal property, asserting that the six boxes of legal property delivered to him in October 2025 did not contain all of his legal property.  Id. at 5.  On January 16, 2026, petitioner filed a related "ex parte motion for leave to file supplemental motion in support of motion for TRO" requesting that, along with his remaining legal property, petitioner be provided "all personal property such as petitioner's religious items" which have allegedly been withheld from him without good cause since May 2025.[1]  ECF No. 72.

Respondents previously advised the court that while plaintiff was on a temporary medical hold at the California Health Care Facility ("CHCF"), six of eight boxes of petitioner's personal property stored at petitioner's primary institution, the California Substance Abuse Treatment Facility ("SATF") in Corcoran, California, were identified as "legal property" and issued to petitioner at CHCF on October 24, 2025.  ECF No. 61 at 2.  Respondents' most recent submission verifies that the remaining two boxes of petitioner's personal property at SATF were consolidated into a single box and were also shipped to CHCF on November 12, 2025.  ECF No. 95-1 at 2, Ex. B.  Contrary to petitioner's allegations, however, this consolidated box contained no legal or religious property.  Id.  SATF staff have also conducted a search and confirmed that none of petitioner's personal property remains at SATF.  Id. at 3.  To the extent that petitioner's January

---

[1] As the court has previously advised petitioner, his motions relating to access to his personal property are not properly characterized as "motions for a temporary restraining order."  Petitioner is advised that in the future, any improperly filed "temporary restraining orders" will be stricken.

16, 2026 motion is requesting access to his "religious items," CDCR staff have also confirmed that petitioner's property matrix (CDCR-1083 Inmate Property Inventory form) reflects that petitioner does not possess any items in the "Religious Items" category. Id. at 3, Ex. C.

Petitioner's remaining box of miscellaneous personal property, which CDCR staff have confirmed contains no legal or religious property, is stored in CHCF's Property Management Unit at CHCF. This box has not been issued to petitioner due to his medical-and-return status, consistent with CDCR policies providing that incarcerated persons on medical-and-return status store their property at the receiving institution pending transfer back to the sending facility. ECF No. 95-1 at 3 (citing Cal. Code Regs., tit. 15, § 3190). CDCR staff have confirmed that this box will be issued to petitioner within fifteen (15) days of his return to SATF. Id. at 4.

Based on the documentation provided by respondents reflecting that no legal or religious items are being withheld by CDCR, and that CDCR policies are being followed with respect to petitioner's remaining miscellaneous personal items, the Court DENIES petitioner's motions (ECF Nos. 65 and 72) as MOOT. Petitioner is advised that he may follow CDCR procedures to request inspection of his remaining personal property being stored at CHCF's PMU. See ECF No. 95 at 3. He is also reminded that such requests are not properly directed to this court.

B. Petitioner's Access to Paper and Envelopes to Pursue this Habeas Action

On April 2, 2026, petitioner submitted an additional filing complaining that he has been denied access to supplies required to pursue his habeas case, including paper and envelopes. ECF No. 93 at 2. In response, respondents have provided ample documentation reflecting that petitioner's motion lacks merit. ECF No. 95-1 at 4-5. Petitioner has been consistently provided legal supplies by the CHCF staff, including envelopes, legal papers, and forms on a weekly basis. ECF No. 95-1 at 12-28, D. Indeed, the records show that petitioner has been provided legal supplies by CHCF every week this year. Id. at 27-28, Ex. E. Moreover, because of his ongoing litigation needs, petitioner has been routinely provided more than the standard allotment under CHCF policy by library staff.

Because there is no evidence that petitioner has been wrongfully denied access to writing supplies or envelopes to pursue his habeas case, petitioner's "Request for Emergency Relief"

(ECF No. 93) is DENIED.

C.  Petitioner's Request for Extension of Time to File Objections

Finally, petitioner has filed a motion for a one-month extension of time to file objections to the court's March 31, 2026 Findings and Recommendations (ECF No. 92) on grounds that "[he] was served conventionally with ECF No. 92 on April 2, 2026."  ECF No. 97.

Without more, the fact that petitioner received a copy of the Findings and Recommendations on April 2, 2026 rather than on March 31, 2026 due to conventional service methods, does not establish good cause for a one-month extension of the objection deadline. However, as petitioner has not sought any prior extensions of this deadline, his motion is GRANTED IN PART and the deadline for objections is extended to Thursday, April 30, 2026.[2]

II.    CONCLUSION

Accordingly, the Court ORDERS as follows:

(1) The Order to Show Cause (ECF No. 94) directed to respondents is discharged;

(2) Petitioner's motions for injunctive relief (ECF Nos. 65, 72) are DENIED as MOOT;

(3) Petitioner's April 2, 2026 "Request for Emergency Relief" (ECF No. 93) is DENIED on the merits; and

(4) Petitioner's motion for an extension of time to file objections to the pending Findings and Recommendations (ECF No. 97) is GRANTED IN PART and any objections are due by no later than **Thursday, April 30, 2026.**

IT IS SO ORDERED.

DATED: April 15, 2026

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[2]  To the extent that petitioner also expressed an intention to file a "Request for Reconsideration by District Court of Magistrate Judge's Ruling" in addition to objections to the Findings and Recommendations (ECF No. 97 at 2), he is advised that any such filing would be procedurally improper because petitioner's objections to the Findings and Recommendations will serve this purpose. **Petitioner is reminded that any frivolous or duplicative filings that do not strictly comply with the federal and local rules of this district will not be considered and will be stricken.**