UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

WAYNE TAYLOR III,

Petitioner,

v.

WARDEN, et al.,

Respondents.

No. 2:25-cv-0398-TLN-AC

**ORDER**

Petitioner, a state prisoner proceeding *pro se*, filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. Presently before the Court are Respondent's Motion to Dismiss (ECF No. 13) and Petitioner's Motion for Injunction and Appointment of Counsel (ECF No. 99), Motion for Contempt Proceedings and to Appoint Counsel (ECF No. 101), and Motion to Set Date for an Expedited Status Conference (ECF No. 102).

**I. RESPONDENT'S MOTION TO DISMISS (ECF NO. 13)**

On March 31, 2026, the magistrate judge filed findings and recommendations on Respondent's motion to dismiss which were served on all parties and which contained notice that any objections to the findings and recommendations were to be filed within fourteen days. (ECF No. 92.) Respondent filed objections and the Court has considered them herein. (ECF No. 96.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, the Court conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and by proper analysis. Accordingly, the Court adopts the magistrate judge's recommendation that Respondent's motion to dismiss be denied.

**II. PETITIONER'S MOTIONS (ECF NOS. 99, 101, 102.)**

In his motion dated May 21, 2026, Petitioner requests that the Court hold an emergency hearing "to conduct a full and fair adversary hearing on Respondents' criminal conspiratorial First Amendment Retaliation that has persisted continuously against [Petitioner] since [his] unconstitutional transfer from CHCF-Stockton and unconstitutional deprivation of ALL [Petitioner's] property on 03/27/2025." (ECF No. 99 at 2.) Petitioner also seeks the appointment of counsel. (*Id.* at 3.)

In his motion dated July 8, 2026, Petitioner seeks "commencement of civil proceedings against all Respondents, and Does 1 through 20," due to violations of his human rights and civil rights and retaliation. (ECF No. 101 at 3.) Petitioner again seeks the appointment of counsel as well as unspecified "emergency injunctive relief," and "remedial coercive compensatory civil contempt fine/sanctions awarded to [Petitioner]." (*Id.*)

In his motion dated July 14, 2026, Petitioner seeks an expedited status conference on his habeas petition to "expedite the redress of the continuing unconstitutional deprivations of Petitioner's liberty[.]" (ECF No. 102 at 2.)

The Court considers these motions together as they make duplicative requests.

With respect to Petitioner's request for a hearing to investigate allegations of conspiracy and retaliation by Respondents and his request to commence civil proceeding on those claims, Petitioner seeks relief that cannot be sought in a habeas case. Petitioner has been warned that non-habeas issues regarding his treatment in confinement must be brought, if at all, in a civil rights action pursuant to 42 U.S.C. § 1983. (*See* ECF No. 55 at 3–4; ECF No. 92 at 10.) To assert claims for a conspiracy or retaliation by Respondents, Petitioner must therefore file a lawsuit under 42 U.S.C. § 1983. Petitioner's request for a hearing and to commence civil

proceedings on allegations beyond the scope of this habeas action are thus denied. (ECF Nos. 99, 101.)

As to Petitioner's request for the appointment of counsel, there currently exists no absolute right to the appointment of counsel in habeas proceedings. *See Nevius v. Sumner*, 105 F.3d 453, 460 (9th Cir. 1996). Under 18 U.S.C. § 3006A, the Court may appoint counsel at any stage of the case "if the interests of justice so require." The interest of justice do not require appointment of counsel here, particularly in light of the Court's decision to deny Respondent's motion to dismiss, demonstrating Petitioner's capability in pursuing this action *pro se*. Petitioner's request for appointment of counsel is therefore denied without prejudice. (ECF Nos. 99, 101.)

Petitioner's request for an expedited status conference on his habeas petition is also denied. (ECF No. 102.) As set forth below, Respondent is ordered to file a response to Petitioner's habeas petition. No status conference is necessary at this time.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations (ECF No. 92) are ADOPTED in full.

2. Respondent's motion to dismiss (ECF No. 13) is DENIED.

3. Respondent is directed to file a response Petitioner's habeas petition within thirty days from the date of this Order. *See* Rule 4, 28 U.S.C. § 2254. An answer shall be accompanied by all documents relevant to the issues presented in the petition. *See* Rule 5, 28 U.S.C. § 2254. Petitioner's reply, if any, shall be filed and served within thirty days after service of the answer.

4. Petitioner's motion for injunction and appointment of counsel (ECF No. 99), motion for contempt proceedings and to appoint counsel (ECF No. 101), and motion to set date for an expedited status conference (ECF No. 102) are DENIED.

IT IS SO ORDERED.

DATE: August 26, 2026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE